UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Paul Baylock,<br>Plaintiff,<br><br>v.<br><br>Linton's Mechanical, LLC,<br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").

   b. A Determination and Notice of Right to Sue was issued by the EEOC on or about March 1, 2023.

   c. This Complaint has been filed within the ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

3. The Plaintiff, Paul Baylock, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. The Defendant, Linton's Mechanical, LLC, upon information and belief, is a domestic corporation organized under the laws of the State of South Carolina, doing business in the County of Berkeley, State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII.

7. The Defendant is an industry that affects commerce within the meaning of Title VII.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about October 6, 2021, the Plaintiff, an African American, began working for the Defendant as an Ironworker. At all times, the Plaintiff was efficient and effective in his job.

11. Immediately after his employment began, the Plaintiff was subjected to discrimination on the basis of his race. For example, on October 7, 2021, Danny Kemmerer, Plaintiff's Foreman, made comments about black people relative to country music and a few days later instructed Plaintiff to call him "Massa," as in "Master."

12. On or about October 13, 2021, the Plaintiff asked Mr. Kemmerer why he had a rope, to which he replied "Do you want me to tie a noose in it?" and then called him a "nigger."

13. The Plaintiff, distraught and mortified, reported the discrimination to his union representative and then to Derrick Alston, his immediate supervisor, and asked to leave for the remainder of the day. Derrick agreed to notify the Plaintiff where he should report to work the next day.

14. After not receiving his assignment for October 14, 2021, the Plaintiff sent a text message to Derrick asking again for details on where he should report to work. He never received a response.

15. Having no assistance from the Defendant whatsoever and in fear of losing his job, the Plaintiff showed up for work on October 15, 2021 and was immediately terminated.

16. The Defendant allowed discrimination, disparate treatment, and inappropriate behavior to occur in the workplace and then retaliated against Plaintiff for reporting those discriminatory acts. Any reason stated by the Defendant for Plaintiff's termination is pretextual in nature and not the true reason for letting the Plaintiff go.

17. It was the duty of the Defendant, by and through its agents, servants and employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
**Violation of Title VII – Disparate Treatment**

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. The Plaintiff is a member of a protected group on the basis of his race and was discriminated against based on his race in violation of Title VII and the Equal Employment Opportunity Act.

20. The Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff;

b. In making disparaging remarks to the Plaintiff and other African American employees related to their race;

c. In demonstrating a pattern of discriminatory treatment toward African American employees; and

d. In other particulars which discovery may show.

21. The Plaintiff's race was a determining factor in the disparate treatment exhibited by the Defendant.

22. In failing to protect the Plaintiff from racial discrimination and preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII and the Equal Employment Opportunity Act.

23. The Defendant violated Title VII and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

24. As a direct and proximate result of the Defendant's racial discrimination against the Plaintiff, he has suffered pecuniary losses including wages, benefits and employment opportunities and nonpecuniary losses including embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

25. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and civil damages to include back wages, payment for lost benefits, front pay, interest and reinstatement of benefits.

## FOR A SECOND CAUSE OF ACTION
## Violation of Title VII – Hostile Work Environment

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. Once the Plaintiff asserted his rights under Title VII, he was subjected to adverse terms and conditions by the Defendant thereby causing a hostile work environment.

28. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constitutes a hostile work environment for the Plaintiff. The Defendant violated Title VII by allowing a hostile work environment to exist in the workplace.

29. The Defendant was wanton, reckless and intentional in creating a hostile work environment for the Plaintiff.

30. As a direct and proximate result of the Defendant's creation of a hostile work environment, the Plaintiff has suffered pecuniary losses including wages, benefits and employment opportunities and nonpecuniary losses including embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

31. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and civil damages to include back wages, payment for lost benefits, front pay, interest and reinstatement of benefits.

## <u>FOR A THIRD CAUSE OF ACTION</u>
## Violation of Title VII – Retaliation

32. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

33. As alleged above, the Plaintiff complained about racial discrimination by the Defendant.

34. Plaintiff's complaints were made in good faith and constitute protected activity under Title VII.

35. Shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff.

36. The Plaintiff's reports of racial discrimination was a determining factor in the retaliation against him and his wrongful discharge from employment. But for Plaintiff's reports of racial discrimination, he would not have been terminated.

37. The Defendant's stated reasons for Plaintiff's termination was mere pretext. In actuality, the Defendant terminated the Plaintiff for engaging in protected activity.

38. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII.

39. The Defendant violated Title VII and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

40. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII.

41. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience,

mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and other physical and personal injuries.

42. The Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff. He is therefore entitled to recover punitive damages from the Defendant.

## **REQUEST FOR RELIEF**

43. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

44. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of actions in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and all lost or diminished benefits, such to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for compensatory damages;

6. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest, costs and attorney's fees as may be allowed by law;

7. Judgment in favor of the Plaintiff and against the Defendant for actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable just, proper and allowable under the law.

*(Signature on following page)*

**WIGGER LAW FIRM, INC.**

s/ *Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
May 30, 2023